# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

BARRY REIMER and KELLY REIMER, husband and wife,

Appellants,

v.

GARY A. CROWELL and SUSAN M. HYDE, husband and wife; and CONNIE MAUREEN CONNELLY, Personal Representative of the Estate of Ward B. Hunt, deceased,

Respondents.

No. 70340-4-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: August 26, 2013

GROSSE, J. — When a protective covenant expressly provides that it may be amended by a majority of land owners and a majority amends the covenant to eliminate existing restrictions, such amendment is valid, when as here, the party challenging the amendment fails to show that the majority imposed unlimited and unexpected restrictions on the minority owners' use of the property. Accordingly, we affirm.

## FACTS

Ward and Rose Ann Hunt owned three neighboring parcels of property on Fox Island in Pierce County, Washington. Two parcels are located adjacent to the water and one is located upslope not adjacent to the water. On April 9, 1998, the Hunts recorded in Pierce County a declaration of protective covenants, conditions, and restrictions (CC&R) that covered all three parcels. The CC&R contained a view preservation provision that restricted landscaping and the construction of dwellings and accessory units on each of the parcels:

> **With the Exception of Presently Existing Structures and Landscaping,** there shall be no construction of any kind or nature, or landscaping of any kind or nature, which would in any way obstruct the

view of an adjoining lot subject to these protective covenants, conditions and restrictions.

The CC&R also provided that after the Hunts sold any of the parcels, the CC&R could be amended by an affirmative vote of a majority of the parcel owners.

The Hunts sold one of the waterfront parcels to Gary and Rebecca Crowell in 1998 and the upslope parcel to Barry and Kelly Reimer in 2005.[1] The Hunts retained the other waterfront parcel until their death. That parcel is now owned by the Hunts' estate and is managed by the Hunts' daughter, Connie Connelly, who is the estate's personal representative.

In 2011, the owners of the waterfront parcels (collectively referred to as Crowell) decided to amend the CC&R. They believed that some of the restrictions on construction and landscaping were too restrictive, in some instances ambiguous, and of questionable value to the parcels as a whole. They were also satisfied that existing state and local regulations would adequately protect the owners' interests on issues relating to use of the property and nuisances.

They proposed an amended CC&R that, among other things, eliminated the view protection provisions and contained no restrictions on construction or landscaping. The Reimers objected to the proposed amendments in their entirety and did not offer any other revisions. Crowell then revised the proposed amendments to include a section containing some restrictions on construction and landscaping. The Reimers again rejected the proposed amendments because the original view protections were not included. Because the parties were unable to agree on the revisions, Crowell,

---

[1] Rebecca Crowell has since passed away and Gary Crowell is remarried to Susan Hyde, also a named party in the case.

2

representing the majority of the parcel owners, decided to adopt and record the latest version of the proposed amended CC&R.

On January 23, 2012, the Reimers filed a complaint in Pierce County Superior Court seeking a declaratory judgment to enforce the view protection covenants. Alternatively, the complaint sought damages from the Hunt estate for breach of warranty of the deed, claiming that they purchased the property in reliance on the protective covenant ensuring view preservation. Crowell moved for summary judgment seeking dismissal of the claims. The Reimers filed a cross motion seeking a determination that the amended CC&R was invalid. The trial court granted Crowell's motion for summary judgment and dismissed the Reimers' claims. The Reimers appeal.

## ANALYSIS

The Reimers contend that the trial court erred by dismissing their claims because the right to amend the CC&R was not exercised in a reasonable manner consistent with the general plan of development. We disagree.

The Reimers rely on case law holding that an express reservation of power in a covenant authorizing less than 100 percent of property owners to adopt new restrictions is only valid if that power is exercised in a reasonable manner consistent with the general plan of the development.[2] Crowell contends that these cases addressed amendments that added restrictions to covenants, not removed them, and therefore do not control here. Assuming without deciding that this standard applies to removal of

---

[2] Shafer v. Board of Trustees of Sandy Hook Yacht Club Estates, Inc., 76 Wn. App. 267, 273-74, 883 P.2d 1387 (1994); Meresse v. Stelma, 100 Wn. App. 857, 865-66, 999 P.2d 1267 (2000) ("The law will not subject a minority of landowners to unlimited and unexpected restrictions on the use of their land merely because the covenant agreement permitted a majority to make changes to existing covenants.") (quoting Boyles v. Hausmann, 246 Neb. 181, 517 N.W.2d 610, 617 (1994)).

3

restrictions in covenants as well as the imposition of them, the Reimers have failed to make the required factual showing to invalidate the amendments on this basis. They failed to produce facts establishing that, by removing the restrictions, the majority did not exercise the right to amend the covenant in a reasonable manner consistent with the general plan of the development. Accordingly, there is no basis upon which to invalidate the amendments.

Because Crowell is the prevailing party on appeal, we grant Crowell's request for attorney fees and costs pursuant to RAP 18.1, and the fee provision in the CC&R.[3]

We affirm.

WE CONCUR:

---

[3] The CC&R provides, "In the event of legal action, the prevailing party shall be entitled to recover actual costs and reasonable attorney fees."